IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTY L. PICKELL, )
)
                Plaintiff, )
)
vs. )    Case No. 07-cv-0130-MJR
)
RALLY MANUFACTURING, INC., )
HANGZHOU TIANHENG MACHINE, )
and KMART CORPORATION, )
)
                Defendants. )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

       This personal injury lawsuit, involving negligence and products liability claims, was commenced in Illinois state court in December 2006 by Monty Pickell. Pickell sued a single Defendant -- Rally Manufacturing, Inc. In February 2007, Rally removed the case to this United States District Court. Threshold review indicated that diversity jurisdiction existed, as Pickell is an Illinois citizen, Rally is a Florida/Florida citizen, and the amount in controversy suffices.

       But Pickell's July 2007 amended complaint added two Defendants: (1) a Chinese corporation, Hangzhou Tianheng Machine, and (2) Kmart Corporation, a citizen of Michigan and Illinois. Both Kmart and Pickell are Illinois citizens. The question on the table, fully briefed by counsel, is whether the undersigned Judge should (or, indeed, must) remand the action, based on Kmart's entry in the suit.

       Analysis begins with the general principle that the requirements for diversity jurisdiction must be satisfied only at the time a suit commences in federal court, and "subsequent events" do not divest a district court of diversity jurisdiction. ***Grinnell Mut. Reinsurance v. Shierk***,

**121 F.3d 1114, 1116 (7th Cir. 1997);** *Carter v. Tennant Co.*, **383 F.3d 673, 681 (7th Cir. 2004).** *See also Tylka v. Gerber Products Co.*, **211 F.3d 445, 448 (7th Cir.),** *cert. denied*, **531 U.S. 1002 (2000)(removing defendant bears the burden of showing that "the complete diversity and the amount in controversy requirements were met at the time of removal.").**

In *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, **498 U.S. 426, 428-29 (1991)**, the United States Supreme Court explained: "We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.... Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." *See also Tropp v. Western-Southern Life Ins. Co.*, **381 F.3d 591, 595 (7th Cir. 2004),** *citing Gossmeyer v. McDonald*, **128 F.3d 481, 487-88 (7th Cir. 1997)(whether subject matter jurisdiction lies is "answered by looking at the complaint** *as it existed at the time the petition for removal was filed*").

One exception to this general rule occurs if a party added by amended complaint was indispensable when the action was filed. *Freeport-McMoRan*, **498 U.S. at 428 (1991);** *Checkers Eight Ltd. Partnership v. Hawkins,* **241 F.3d 558, 560 n.1 (7th Cir. 2001)("... since these two entities are not indispensable parties, their subsequent addition does not deprive this court of jurisdiction.").**

The January 7, 2008 briefs (Docs. 44 - 46) address whether Kmart – whose citizenship destroys diversity in the case at bar – is an indispensable party. Having carefully reviewed the record and applicable law, the Court concludes that Kmart (a potential indemnitor or joint tortfeasor) was not, at the commencement of this suit, an indispensable party to this action. However, the Court further finds that Kmart's addition to this suit <u>does</u> warrant remand under 28

U.S.C. § 1447(e).

Counsel have presented cogent arguments that *Freeport-McMoRan's* holding is inapposite (and inapplicable) to Kmart's joinder herein. The gist of those arguments (which the Court finds persuasive) is that *Freeport-McMoRan* involved addition of a nondiverse party via transfer-of-interest *substitution*. By contrast, in the case sub judice, the nondiverse Defendant entered via *joinder*.

This distinction is key, because 28 U.S.C. § 1447(e) covers joinder of nondiverse defendants. Section 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Section 1447(e) squarely applies here. Post-removal, Plaintiff sought leave to join an additional Defendant – Kmart. This Court was not obligated to grant leave and *permit* the joinder of the nondiverse party. However once it did so, the die was cast. **See Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1492 (7th Cir. 1996)(When plaintiff seeks to join a nondiverse party, court may either deny joinder *or* permit joinder and remand entire action.). See also In Re Florida Wire & Cable Co., 102 F.3d 866, 868 (7th Cir. 1996)("The district court chose the second option provided by the statute when it permitted joinder and ordered the action remanded to the state court.").**

Kmart's joinder destroys complete diversity and strips this Court of subject matter jurisdiction. Therefore, this Court – having permitted joinder of a nondiverse Defendant – must follow the mandate of the final sentence of § 1447(e) and "remand the action to State court."

Because the parties are not completely diverse, and this Court lacks subject matter jurisdiction, it hereby **REMANDS** this action to the Circuit Court of St. Clair County, pursuant to 28 U.S.C. § 1447(e). This Order results in the cancellation of all settings/deadlines herein and renders moot all pending motions.

IT IS SO ORDERED.

DATED this 11th day of January 2008.

.

        s/Michael J. Reagan
        MICHAEL J. REAGAN
        United States District Judge